THOMPSON, Judge.
The former wife appeals a final order which fails to address the properly raised issue of attorney’s fees, and which interprets a California divorce decree as requiring that the former husband pay the wife rehabilitative alimony for a period of only one year. Because the trial court erred in interpreting the language of the California order of dissolution of marriage, and in failing to address the issue of reasonable attorney’s fees, we reverse.
The parties were married for more than 19 years and have two adult children. Throughout the marriage, the husband was successfully employed while the wife performed the duties of a housewife. After the separation, the husband continued to enjoy the same standard of living the parties enjoyed during the marriage. The wife was diagnosed as having physical problems including cancer, and she received no financial support from the husband. She was forced to borrow money from a neighbor in order to support herself and the two children, and accordingly experienced a diminished standard of living.
The marriage was dissolved by a California court which undertook a detailed analysis of the parties’ situation and concluded that the wife has a substantial need for spousal support due to the fact that her earning capacity is one-third less than that of the husband. The court found that the wife is heavily indebted and has virtually no assets while the husband is almost debt free. As to the wife’s ability to provide for herself, the court found that she would be required to engage in one to four years of retraining. Lastly, the court noted that the wife is in marginal physical health. Based on these findings the California court ordered, in relevant part, the following:
Based upon the consideration of the elements of Civil Code Section 4801, just and reasonable spousal support is found to be in the amount of $500 per month for a period of one year, payable one-half on the first and one-half on the fifteenth day of each month, commencing with the first month after the decision, to be reduced thereafter by $1 for every $2 net earned by the petitioner (W) over $1,250 per month, petitioner (W) to furnish a statement of her earnings to the respondent (H) every six (6) months, and copies of her W-2 forms each year.
The order also awarded the wife $5,000 for attorney’s fees.
The husband subsequently moved to Florida without paying any alimony or the attorney’s fee. The wife reduced the California judgment to a Florida judgment so that enforcement of the order could be pursued through contempt proceedings in this state. The wife followed the proper procedure by bringing a contempt proceeding in order to seek alimony and payment for her California attorney. Failure to pay the sums for alimony, costs and attorney’s fees previously ordered by the court could be dealt with only as a “civil contempt.” Carlyle v. Carlyle, 438 So.2d 176 (Fla. 1st DCA 1983). Contempt proceedings are available to enforce payment of attorney’s fees awarded to a wife in divorce judgment. Heitzman v. Heitzman, 281 So.2d 578 (Fla. 4th DCA 1973). The final order in the contempt proceedings below reduced the spousal support awarded by the California court and provided that the husband was to pay the wife rehabilitative spousal support in the total amount of only $6,000 (i.e., $500 per month for 12 months). The order did not address the husband’s failure to pay the wife’s attorney’s fee. This appeal followed.
Without stating any grounds for its interpretation of the California order, the trial court labeled the above-quoted award of spousal support “rehabilitative” and found that it provided for support for a period of only one year. Although we acknowledge that the quoted portion of the California judgment is not a model of absolute clarity, we are unable to interpret the judgment as providing for rehabilitative alimony only. In our view, the judgment, when considered in its entirety, reflects an intent on the part of the California court to award permanent periodic alimony in the amount of $500 per month, with provision for automatic reduction of the amount of alimony in the event the wife’s circum *325 stances improve and her earning capacity proves to be greater than projected by the court at the time of entry of the dissolution order.
Our supreme court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), stated:
The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties’ earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties’ estates.
Id. at 1201-02. All of these elements were explored by the California court and the California judge properly justified an award of permanent periodic alimony. Accordingly, we conclude that the trial court’s finding that the spousal support is rehabilitative constitutes an improper modification of the California order. Neither party petitioned the court for modification of the order. A trial court cannot modify a decree unless the issue of modification is presented in an appropriate proceeding and each party is given an opportunity to be heard on such issue. Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Wallace v. Wallace, 413 So.2d 1261 (Fla. 2d DCA 1982). Failure to address the issue of fees also constitutes reversible error in that the issue was properly pled and litigated, and ripe for decision. Nevertheless, no mention of the issue was made by the lower court during the contempt proceeding or in the final order.
Accordingly, we reverse the trial court’s order and remand to the lower court for further consideration consistent with this opinion of the issues of attorney’s fees and payment of past and presently due alimony. REVERSED and REMANDED.
BOOTH and SHIVERS, JJ., concur.