PER CURIAM.
This is a petition for a writ of mandamus to compel the respondent circuit court judge to rule upon petitioners’ motion to tax costs and attorney’s fees. We deny the petition.
Petitioners filed a medical malpractice action against Dr. Michael Geraldi, an additional respondent in the present proceeding. Petitioners also filed a second medical malpractice suit against Baptist Hospital and Dr. David Gair, which is pending below and scheduled for trial.
Petitioners’ action against Dr. Geraldi was tried to a jury and a defense verdict was returned. Dr. Geraldi moved to tax costs and attorney’s fees pursuant to former section 768.56, Florida Statutes (1980) (repealed 1985). The motion was abated by agreement of the parties pending appeal. After affirmance of the judgment by this court, petitioners sought a ruling by the trial court on respondent’s motion for attorney’s fees.
Former section 768.56 provided, in part, that “attorney’s fees shall not be awarded against a party who is insolvent or poverty-stricken.” At the hearing petitioners presented a balance sheet and urged the trial court to make a determination of insolvency, arguing that their liabilities exceeded their assets.[1] Petitioners’ proffered balance sheet did not list their chose in action against Baptist Hospital and Dr. Gair as an asset, but the transcript indicates the trial court’s awareness of its existence. The trial court reserved ruling on the application for attorney’s fees pending trial of the second lawsuit.
Petitioners then brought this petition for writ of mandamus, requesting that this court direct the trial court to rule on the pending motion for attorney’s fees, and further requesting that this court direct the trial court to consider petitioners’ financial status as it stood on September 22, 1988, the date of the last hearing on the motion for attorney’s fees.
The legal principles applicable here are not in dispute. Mandamus is available “[i]f a lower court, without sufficient reason, neglects or refuses to act on a matter within its jurisdiction ... unless the aggrieved party has an adequate remedy by appeal.” Flagship Nat’l Bank v. Testa, 429 So.2d 69, 70 (Fla. 3d DCA 1983) (citation omitted). As we believe the trial court has acted within the exercise of a sound discretion, we need not reach the issue whether petitioner has an adequate remedy by way of appeal. For two distinct reasons, we believe there was good reason for the trial court to defer ruling.
First, petitioners’ insolvency defense, coupled with their presentation of a statement of assets and liabilities, confronted the trial court with the question of what value to assign to the asset represented by petitioners’ chose in action against Baptist Hospital and Dr. Gair. Where, as here, the suit was scheduled to be tried within a reasonable period of time, we believe that the trial court was entitled to exercise its discretion to await the outcome of the trial, rather than to attempt to assign a value to the chose in action. The petitioners have proceeded upon the assumption that, so long as their second suit has not proceeded to trial, the value of the chose in action is zero, but the fact that petitioners brought the second suit, and are actively pursuing it, is inconsistent with the assertion that the second suit is without value. Where a short postponement of ruling may obviate a potentially difficult problem of valuation, we believe the judge has discretion to postpone ruling.
Second, and we think dispositive, is the fact that both suits arose out of the same episode of alleged medical malpractice. The claims against all defendants could have been brought in a single suit or, as *686 was done here, in separate suits. Had a single suit been brought and tried as a single action, the motion for attorney’s fees would have been brought after a judicial determination of all of petitioners’ claims against all defendants. Under those circumstances, the award to petitioners for their claim against Baptist Hospital and Dr. Gair would have been known to the trial court at the time of consideration of Dr. Geraldi’s motion for attorney’s fees. In the narrow circumstances presented, where the second suit was scheduled for trial within the reasonably near future, we believe the trial court acted within the bounds of a sound discretion in postponing ruling.
Accordingly on this record we deny the petition for a writ of mandamus.
BARKDULL and COPE, JJ., concur.

. We are not called on to consider, and do not decide, the test for "insolvent or poverty-stricken” within the meaning of former section 768.-56.