POLEN, Judge.
In this case, a final judgment in favor of appellant, containing the operative words “for which let execution issue” was entered by the trial court on January 12, 1990. Thereafter the trial court denied timely motions for rehearing on behalf of the appel-lees. On February 28, 1990, after the time for appealing the final judgment had expired, appellant filed a motion for leave to execute on the final judgment or to require the posting of a supersedeas bond, pending further proceedings. (It appears there were companion proceedings still pending on the issue of who was the “prevailing party” for purposes of final determination of entitlement to attorney’s fees, which was also the subject of appellant’s favorable final judgment.) On April 4, 1990, the trial court entered an order denying appellant’s motion for leave to execute on final judgment or to require posting of superse-deas bond, without elaboration as to the reasons therefor.
The issue before us is whether this is an abuse of discretion by the trial court. The authorities cited by the appellees stand for the well-established principle that trial courts may continue to exercise jurisdiction over the time and manner of enforcement of a final judgment, even beyond the thirty-day period for appeal, although they may not amend or alter the substance of such a final judgment. The cases cited in appel-lees’ brief are all distinguishable, as they all involve some other aspect of post-judgment proceedings, or enforcement attempts, such as garnishment proceedings in GEICO Financial Services, Inc. v. Kramer, 575 So.2d 1345 (Fla. 4th DCA 1991). None of these cases expressly address the issue where a final judgment against a party contains the words “for which let execution issue,” and on a subsequent motion, execution is denied without giving any reasons.
We are not unmindful that in this case another judge, on August 11, 1989, prior to the entry of the January 12, 1990, final judgment, issued an Order on Defendant’s Motion for Stay that provided in part
if a judgment is entered in the instant case against the Defendants, execution on said judgment and any attempts by Plaintiff to collect said judgment either through foreclosure or otherwise, are stayed pending determination of the pre- . vailing party for purposes of entitlement to attorneys’ fees in the case of Cingolani and Padgett vs. Greenbriar Condominium Association, Inc., # CL-88-550 AN, Circuit Court, 15th Judicial Circuit, Palm Beach County, Florida. If the Defendants are determined to be the prevailing party, any judgment entered against the Defendants in the instant case shall be vacated.
However, there is nothing in the January 12,1990, final judgment that continues that stay language in force and effect. Neither is it recited in the trial court’s April 4,1990, order denying execution.
It appears to us that the disposition in this case is clearly governed by Florida Rule of Civil Procedure 1.550. In *1102 subsection (a) thereof, the first sentence provides:
(a) Issuance. Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or his attorney without praecipe.
(Emphasis added.) The use of the word “shall” seems to indicate no discretion on the part of the trial court, and certainly it would be ludicrous to infer that the use of the words “oral request” would preclude a similar result upon a written motion for the same relief. Continuing to subsection (b) of the same rule, it provides as follows:
(b) Stay. The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parlies.
(Emphasis supplied.) This second section seems to suggest that the same result could have properly been, reached by the trial court, but only upon appellees’ compliance with the provisions of subsection (b) of the rule. Our interpretation is that the burden would have been on the appellees to file a motion for stay, and in the absence of posting a supersedeas bond, which would result in an automatic stay [Florida Rule of Appellate Procedure 9.310(b)(1) ], appellees would have to show good cause why such a stay of execution should be entered, and serve notice to appellant of their request for stay. That was not done here, nor does the order appealed reflect any good cause for the denial of execution. We reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
DOWNEY, J., concurs.
STONE, J., dissents with opinion.