841 So.2d 669 (2003)
Richard KOVALCHICK, Appellant,
v.
Laraine KOVALCHICK, Appellee.
No. 4D02-2280.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
Richard B. Kay, Tequesta, for appellant.
Steven Cripps of Law Offices of Orsley & Cripps, P.A., West Palm Beach, for appellee.
POLEN, C.J.
This appeal arises out of a final judgment of dissolution of the Kovalchick's marriage. On appeal, the husband contests the court's equitable distribution in several respects. We find this argument without merit and affirm the equitable distribution ordered by the trial court. The husband also challenges the alimony award and the trial court's verbatim adoption of the proposed final order submitted by the *670 wife's attorney. For the reasons expressed below, we affirm in part and reverse and remand in part.
On appeal, the husband asserts numerous errors with the trial court's equitable distribution. The standard of review of a trial court's determination of equitable distribution is abuse of discretion. Bogard v. Bogard, 490 So.2d 43 (Fla. 1986) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980))). Section 61.075, Florida Statutes, requires that distribution of marital assets and liabilities be supported by "factual findings in the judgment or order based on competent substantial evidence...." § 61.075. Fla. Stat.
In this case, the order makes findings of fact to support the judgment. More specifically, the court noted that the wife was 53 years old with a high school education and that she did work at times during the marriage. Additionally, the court noted how the wife spent her inheritance and that the financial resources of the husband were clearly greater than those of the wife. The court also specifically discussed, during the hearing and in the final judgment, the division of the husband's pension, as being part equitable distribution of the pension and part alimony. Therefore, of the numerous complaints the husband raises against the equitable distribution, we conclude the distribution is specifically supported by the findings listed in the final judgment and in the record, and are well within the court's discretion.
The husband also asserts error with the trial court's award of alimony. The court ordered that the husband pay the wife $1000 a month in permanent alimony. The husband was ordered to pay the wife $880 a month directly and the remaining $120 would be paid by QDRO from the husband's Barclay pension. "[T]he nature and amount of an award of alimony is a matter committed to the sound discretion of the trial court." Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988). The standard of review is abuse of discretion. Cifrian v. Cifrian, 715 So.2d 1068 (Fla. 4th DCA 1998).
The husband challenges the court's order inasmuch as it allocated 50% of the husband's Barclay pension to the wife although the couple was married nearly three years after the husband began working at Barclay's. However, the court made it abundantly clear that the 50/50 distribution was done with the understanding that a portion of the money was going to be considered alimony.
While we find no error with such a distribution, the record makes clear the court sought to award the wife $1000 per month in permanent alimony. The court recognized the wife was not entitled to the full 50% of the Barclay's pension since a portion of it was premarital, but awarded her 50% under the equitable distribution scheme and noted that a portion of it, namely what the court calculated to be an additional $120 over what she was entitled to, as alimony. To balance out the difference, the court ordered $880 to be paid directly from the husband as alimony. This $880 reflected the $1000 alimony award minus the $120 the wife was receiving over and above what she was entitled to under the husband's pension.
However, according to the calculations done by the husband, with which we agree, the court miscalculated the award. As a result of the mathematical error, the wife is actually receiving more than the $1000 a month award the court ordered. Although no additional testimony is needed on this issue, we remand this case back to the trial court to correct the error and enter an accurate judgment in accordance with this opinion.
*671 As his last argument on appeal, the husband asserts the trial court abused its discretion in adopting the wife's proposed final judgment verbatim. This court has previously addressed the issue of a trial court adopting a proposed judgment. Flint v. Fortson, 744 So.2d 1217 (Fla. 4th DCA 1999). In Flint, this court acknowledged the desirability of judges preparing their own judgements, but recognized the practical justification for judges utilizing submissions from counsel. The court noted that "what is critical for a reviewing court is that a final judgment reflect the trial judge's independent decision on the issues of the case." Id. at 1220. The court concluded that although there is a split of opinion on the issue, reversal has been granted only when the signed judgment is inconsistent with prior pronouncements of the judge. Id.
Although this issue need not be reached, as we are reversing on grounds discussed above, we write to caution the trial court that this court is concerned in any case where there is a verbatim adoption of a proposed final order submitted by counsel in family proceedings.
GUNTHER and SHAHOOD, JJ., concur.