882 So.2d 528 (2004)
Scot R. PETERSON, Appellant,
v.
Rosemarie PETERSON, Appellee.
No. 4D03-1180.
District Court of Appeal of Florida, Fourth District.
September 22, 2004.
*529 Catherine L. Roselli of Law Office of Catherine L. Roselli, P.A., Fort Lauderdale, for appellant.
No brief filed for appellee.
SHAHOOD, J.
This is the second appeal in this dissolution action. In the former husband's appeal of the first final judgment of dissolution, this court affirmed the order assessing attorney's fees and costs against the former husband, but reversed the alimony award to the former wife, and remanded for the trial court to make the findings required by section 61.08, Florida Statutes (2001). See Peterson v. Peterson, 818 So.2d 683 (Fla. 4th DCA 2002).
On remand, the trial court entered an Amended Final Judgment of Dissolution of Marriage, nunc pro tunc to April 4, 2001. The court's original order regarding the alimony award remained unchanged, with the exception that the following paragraph was added:
C. The standard of living of the parties during the marriage was a normal middle class lifestyle; they lived in a three bedroom two bath house in Coral Springs Florida (a normal middle class neighborhood); the family bills were current as of the date of the parties' separation; the parties took annual vacations with the children. The parties had four children and by agreement the Wife did not work after the birth of the fourth child as the finances and the income of the Husband were sufficient to meet the needs of the parties.
Also on remand, the court added the following underlined language to the paragraph addressing a dependency tax exemption:
16. The Husband will be entitled to the dependency exemption and child care credit for each of the minor children under the applicable provisions of the Internal Revenue Code if current with alimony and child support obligations as provided herein.
(Emphasis added). The former husband filed a motion to correct the Amended Final Judgment seeking to excise the added language on the basis that there had *530 been no argument, discussion or evidence concerning this language presented at the hearing on remand. The court denied the motion.
With regard to the trial court's findings to support the alimony award, we agree with the former husband that they are still inadequate. Section 61.08(2)(a)-(g), Florida Statutes (2003), requires that the trial court consider seven specific factors. The failure to do so is reversible error. See Ondrejack v. Ondrejack, 839 So.2d 867, 870 (Fla. 4th DCA 2003); see also Segall v. Segall, 708 So.2d 983 (Fla. 4th DCA 1998) (reversing permanent alimony award where, in the absence of sufficient factual findings concerning the statutory factors, it was impossible for the court to assess the reasonableness of the permanent periodic alimony award); Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993) (holding that the trial court erred in its application of the law when it failed to consider all of the statutory factors). While the trial court in this case considered some of the statutory factors, there were a number that were not considered.
The trial court did not make findings, despite evidence in the record, concerning the health of the parties, their relative financial positions after equitable dissolution, other sources of income available to them, if any, the contribution of each party to the marriage, and the possibility that the former wife could obtain sufficient education to maintain employment. See § 61.08, Fla. Stat. (2003). Issues regarding the former wife's employment history, child care, and private school tuition for the children certainly must have impacted the decision to award alimony, but were not specifically addressed in the amended final judgment. Thus, meaningful review of the trial court's award of alimony to the wife is not possible due to the lack of specific findings.
In addition, the trial court erred in denying the former husband's motion to correct the amended final judgment to redact certain language which was added on remand. This court's mandate was to "make sufficient findings of fact for this Court to review the appropriateness of the alimony award." Peterson, 818 So.2d at 684. In amending the judgment, however, the trial court went beyond the directives of the mandate and amended a portion of the judgment which was not at issue. The trial court did not have the discretion to do so. See generally Akins v. Akins, 839 So.2d 910 (Fla. 5th DCA 2003) (holding that a trial court may not deviate from the terms of an appellate court's instructions). "[O]nce the ... case was decided on appeal, the circuit court was bound by the decree as the law of the case and was required to perform the purely ministerial act of implementing the mandate." Id.; see also Hill v. Palm Beach Polo, Inc., 805 So.2d 1014, 1016 (Fla. 4th DCA 2001) (holding that the trial court is not authorized to give any further relief in addition to settling the issue on remand).
Accordingly, we reverse the amended final judgment of dissolution and remand for the trial court to make the requisite statutory findings with regard to the alimony award. On remand, the court should also redact the additional language concerning the dependency tax exemption, which was added in violation of the mandate.
REVERSED AND REMANDED.
FARMER, C.J., and TAYLOR, J., concur.