ON MOTION TO CORRECT OPINION

WARNER, J.
We grant appellant’s Motion to Correct Opinion, withdraw our previously issued opinion and substitute the following in its place.
When this court reversed and remanded the final judgment modifying the former husband’s alimony obligation in Donoff v. Donoff 940 So.2d 1221 (Fla. 4th DCA 2006), we instructed the trial court to redetermine the proper amount of alimony in light of our decision. On remand, the former wife agreed to a reduction to $1 per month. However, in entering its order pursuant to the mandate, the trial court made the reduction retroactive to the date of the filing of the petition and ordered the *1291 former wife to pay the former husband $271,740, a change in the original final judgment which was not addressed in our mandate. The trial court erred in providing for relief beyond the directive of our mandate. We reverse.
In its original final judgment, the trial court granted a modification of alimony to the former husband, reducing the amount but not as much as that sought by the former husband. The trial court did not make the reduction retroactive to the date of the filing of the petition for modification. Although the former husband moved for rehearing on the failure to make the reduction retroactive, the court denied rehearing. The former husband appealed to this court, raising several issues regarding the trial court’s calculation of alimony and also claiming that the award should have been made retroactive.
In our opinion, we affirmed the entitlement to a reduction in alimony but agreed that the court erred in determining the amount, because it failed to include all of the former wife’s available resources, and it included expenses for which the former husband had no responsibility. We directed the court as follows:
On remand the trial court shall allow Mitzi to show — if she can do so even with financial resources of nearly $2 million and the significant income and the support of her cohabiting partner — that she continues to have any real need for alimony. We also deny her request for attorney’s fees on this appeal because of her obvious lack of need.
Id. at 1224. We did not address the retro-activity of the alimony or give any direction to reconsider it on remand. A review of our file does not indicate that the former husband requested clarification or rehearing to address the issue of retroac-tivity.
After the opinion issued, the trial court permitted the former husband to pay the alimony payments into the former wife’s attorney’s trust account until the hearing directed by our court could be held. The former husband then moved to reduce the payments to $1 per month, to which the former wife acceded. The court entered an amended final judgment to this effect but reserved jurisdiction to determine whether the payments previously made by the former husband to the former wife since the filing of the petition in 2003 should be returned. The former wife objected, but the court ultimately entered a judgment ordering the former wife to return $271,740 to the former husband within thirty days and requiring the former wife’s attorney to pay $19,980 to the former husband. The former wife appeals.
Our mandate was quite specific: redetermine the former wife’s need for alimony. Even though the issue of retro-activity of any alimony payments was an issue on appeal, this court did not address it.
When the mandate was received by the trial court, such court should have carried out and placed into effect the order and judgment of this Court.
A trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so.
Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So.2d 825, 827 (Fla.1975) (citation omitted).
We applied these principles in Peterson v. Peterson, 882 So.2d 528, 529 (Fla. 4th DCA 2004). There, we reversed an award of alimony for the trial court to make further findings. On remand, the trial court not only addressed the award of alimony, it also modified a provision of the judgment regarding the dependent tax exemption and child care credit by providing that the husband could claim the exemp *1292 tion if he were current with his child support and alimony obligations. The husband claimed that conditioning the tax credits with the currency of his child support and alimony obligations was beyond the mandate of the appellate court.
Our court agreed that the trial court had exceeded the mandate:
This court’s mandate was to “make sufficient findings of fact for this Court to review the appropriateness of the alimony award.” In amending the judgment, however, the trial court went beyond the directives of the mandate and amended a portion of the judgment which was not at issue. The trial court did not have the discretion to do so.
Id. at 530 (citation omitted). Similarly, the trial court amended the final judgment in this case by imposing retroactivity, an issue which was not included in the directions on remand, even though it had been an issue on appeal. The former husband could have moved for rehearing in the original appeal and requested that this court direct reconsideration of the issue, but he did not. As such, the trial court had limited jurisdiction to amend the final judgment on remand, and it exceeded its jurisdiction.
We reverse the refund order to the extent that it orders the former wife to repay the alimony which was paid prior to the original final judgment of modification. As the prior appeal and mandate addressed only the original final judgment and not events occurring subsequent thereto, we do not prohibit an order requiring that the former wife repay alimony paid or es-crowed since the date of the original final judgment of modification.

Reversed.

STONE and GROSS, JJ., concur.