DAMOORGIAN, J.
 

 Theresa L. Shinitzky (Former Wife) appeals and Ami Shinitzky (Former Husband) cross-appeals the valuation and distribution of a number of assets in the trial court’s final judgment dissolving their marriage. We affirm the equitable distribution
 
 in toto
 
 because neither party has established that the court abused its discretion in valuing or distributing any individual asset, in fashioning the overall scheme of distribution, or in denying alimony.
 
 See Kovalchick v. Kovalchick,
 
 841 So.2d 669, 670 (Fla. 4th DCA 2003) (trial court’s determination of equitable distribution is reviewed for abuse of discretion);
 
 Thompson v. Thompson,
 
 546 So.2d 99 (Fla. 4th DCA 1989). We write only to clarify that the funds recovered in the lawsuit for damages arising from the loss of a non-marital asset were properly considered a non-marital asset.
 

 This issue was raised by the following facts: Before the marriage, Former Husband sold his business for approximately $8 million, and there is no dispute that the $8 million was a non-marital asset.
 
 See
 
 § 61.075(6)(b)(l), Fla. Stat. (2005). Shortly after the marriage, Former Husband
 
 *170
 
 placed the money into a foreign brokerage account, and the broker absconded with the money. For two years, the parties worked together prosecuting a lawsuit to recover the lost funds. Former Husband then moved out of the house and pursued the lawsuit largely on his own for two more years before he recovered settlements totaling approximately $5.6 million from two brokerage houses.
 
 [1]
 
 More than a year later, he filed for divorce.
 

 Former Wife argues that the funds received as a result of the lawsuit became a new marital asset acquired during the marriage. Alternatively, if the funds were a non-marital asset, the $8 million investment account actually had no value once it had been stolen. Under either theory, she argues, the entire $5.6 million settlement recovery was a marital asset.
 

 Former Husband concedes that marital labor and funds had been used to pursue the lawsuit and that, if the expenditure of that marital effort and funds had increased the value of the recovery, the increase could be considered a marital asset.
 
 See
 
 § 61.075(6)(a)(l)b, Fla. Stat. (2005). He argues, however, that none of the recovery was marital because the marital funds and labor did not increase the value of the original $8 million non-marital asset. In fact, he recovered less than the account’s original value. The trial court agreed and ruled that because the asset was derived from a lawsuit concerning a non-marital asset, and had not increased in value, it was non-marital.
 

 To determine whether a portion of the recovery is a marital enhancement resulting from the expenditure of marital effort or funds, the initial value of the lawsuit must be established by competent substantial evidence. § 61.075(3), Fla. Stat. (2005) (requiring that the trial court’s distribution of marital assets and marital liabilities be supported by “factual findings in the judgment or order based on competent substantial evidence.... ”). Although the attorney who evaluated the lawsuit before taking the case testified that it had initially appeared to be a difficult case, there was no evidence presented as to the actual value of the cause of action at its inception.
 
 See Berman v. Stern,
 
 731 So.2d 148, 150 (Fla. 4th DCA 1999) (describing the analysis required to determine the fair market value of a lawsuit);
 
 Maler v. Barad,
 
 541 So.2d 684, 685 (Fla. 3d DCA 1989) (court did not abuse its discretion in waiting to value chose in action until it was concluded, because the fact that it was being actively pursued established that it was not without value). The only evidence of the lawsuit’s actual value was, therefore, the undisputed testimony that the account had been worth $8 million before the theft, and that the Former Husband settled the lawsuit with two defendants for $5.6 million. Based on this evidence, the trial court did not abuse its discretion in finding that the marital effort and funds expended on the lawsuit did not increase the value of the asset.
 
 See Kovalchick,
 
 841 So.2d at 670.
 

 For these reasons, the trial court correctly found that the lawsuit recovery was a non-marital asset that came into existence as a result of the loss of the non-marital $8 million investment fund.
 
 See
 
 § 61.075(6)(b)(l), Fla. Stat. (2005) (assets acquired “in exchange for” nonmarital assets are nonmarital);
 
 see also In re Amendments to the Fla. Family Law Rules of Procedure,
 
 940 So.2d 409, 414 (Fla.2006) (Family law forms 12.902(b) and (c), the Family Law Financial Affidavits, which require the listing of lawsuits as
 
 *171
 
 contingent assets). We also agree that the evidence did not establish that marital labor and funds enhanced the asset to warrant the court’s apportionment of some of the settlement funds to Former Wife.
 

 Affirmed.
 

 MAY, J., and TUTEE,, JACK, Associate Judge, concur.
 

 [1]
 

 . He also achieved a large uncollectible judgment against the broker.