PER CURIAM.
The former husband appeals the trial court’s final judgment on modification of child support. In denying a downward modification, the trial court found that the former husband’s gross income was $100,000, but it made no specific findings as to how it reached this figure. Because the trial court failed to set forth specific findings as to how it arrived at the amount or source of the former husband’s gross income, we reverse the judgment and remand for the trial court to make specific findings as to its determination of the former husband’s income and reconsider his petition for modification accordingly. See § 61.30, Fla. Stat. (2009) (setting forth the child support guidelines and how income shall be determined); Jones v. Jones, 636 So.2d 867, 867 (Fla. 4th DCA 1994) (reversing and remanding for trial court to make specific findings as to the parties’ income, basis for modification, and justifi *572 cation for departure); Cifrian v. Cifrian, 715 So.2d 1068, 1070-71 (Fla. 4th DCA 1998) (reversing child support award because of the trial court’s failure to recite a basis for its determination of the parties’ incomes).

Reversed and Remanded.

TAYLOR, HAZOURI and CIKLIN, JJ, concur.