507 So.2d 164 (1987)
Marsha Ilene HENNING, Appellant,
v.
William James HENNING, Appellee.
No. 86-2146.
District Court of Appeal of Florida, Third District.
May 12, 1987.
*165 Kornreich & Estreicher and Jane Estreicher, Miami, for appellant.
Ezell, Menendez, Patterson, Claussen & Daniel and William Daniel, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
SCHWARTZ, Chief Judge.
In this dissolution case, we find no error in the lower court's equitable distribution of the parties' variously titled marital assets, which consisted essentially of granting the wife the family home and the husband virtually everything else and which resulted in a roughly equal division. See Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Blumberg v. Blumberg, 498 So.2d 1387 (Fla. 3d DCA 1986); Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981).
Because, however, the wife would impermissibly otherwise be required to draw on her capital assets to support herself, De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1967), and, more important, because of the great disparity in the parties' income and earning capacity[1] which resulted from her acting as a homemaker and mother and her husband as the breadwinner during their 24-year marriage, we conclude that the trial judge abused his discretion, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), in failing to grant the wife (a) permanent periodic alimony, Green v. Green, 484 So.2d 1269 (Fla. 3d DCA 1986); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA 1985), pet. for review denied, 486 So.2d 347 (Fla. 1985); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980), and (b) attorney's fees and costs,[2]Heller v. Kuvin, 490 So.2d 245 (Fla. 3d DCA 1986); Carroll, 471 So.2d at 1361-62. The judgment is reversed in these respects only for the trial court to make reasonable awards of permanent alimony and fees and costs.[3]
Ms. Henning has also moved for attorney's fees on appeal. We grant the motion and remand the cause to the trial court for the assessment of these fees. Fla.R.App.P. 9.400(b). This will confirm to the bar that, as a result and in the light of Sierra v. Sierra, 505 So.2d 432 (Fla. 1987), the Court will follow this practice in each such instance in the absence of an affirmative stipulation of the parties that we may ourselves fix the amount of appellate fees. Such a stipulation may permit our determination of the issue either on the basis of affidavits or without them.
Affirmed in part; reversed in part and remanded with directions.
NOTES
[1] Ms. Henning, who is forty-one, earns $127 a week as a J.C. Penney salesperson; Mr. Henning, at age forty-two, earns approximately $40,000 a year with concomitant pension rights as a sergeant for the Dade County Public Safety Department.
[2] The husband complains that the wife's lawyer unnecessarily prolonged the litigation and expended unreasonable amounts of time and energy in representing her. While this argument, if accurate, may of course be considered in determining the amount of a reasonable fee, it does not justify the complete denial of such an award.
[3] We find no harmful error in the remaining points presented.