626 So.2d 1035 (1993)
Francisco Jorge CASTILLO, Appellant,
v.
Magaly CASTILLO, Appellee.
No. 93-25.
District Court of Appeal of Florida, Third District.
November 9, 1993.
*1036 Joseph R. Colletti, Miami, for appellant.
No appearance for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
A husband appeals from a final dissolution of a marriage that lasted less than five years, claiming error in the award of alimony, in the equitable distribution, and in the award of attorneys' fees.
The husband, Francisco Jorge Castillo, and the wife, Magaly Castillo, began living together in 1982, had their first child in 1983, were formally married in 1987, and had a second child in 1990. Before they were married, the parties purchased a home as tenants in common. The husband provided all the money for the down payment on the home, and made all the mortgage payments, both before and during the marriage. The husband worked during much of the marriage as an automobile sales manager with an income ranging from $30,000 to $77,000 annually. However, the husband was subsequently laid-off, and in 1992 found employment as a car salesman at a reduced salary of only $12,000 annually. The wife also worked during the marriage, first as a legal receptionist, and then as a medical transcriber, a vocation, which she continues to practice, that pays $21,000 annually.
A final judgment of dissolution was entered in 1992. The trial court awarded the wife primary residential custody of the children, child support, and permanent periodic alimony in the amount of one dollar per month.[1] The wife was also awarded the marital residence, which then had a net equity of $90,000, as lump sum alimony. The trial court required the wife to pay $1,900 worth of marital debts, while the husband was required to pay $12,700 in marital debts plus the wife's attorneys' fees of at least $6,000. The husband now appeals the award of permanent periodic alimony, the award of lump sum alimony, the equitable distribution, and the award of attorneys' fees.
First, we conclude that it was an abuse of discretion to award permanent periodic alimony in this case. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The wife here is 37 years of age, self-supporting, and not encumbered by any physical or emotional disabilities. Neither party has significant financial resources other than marital assets. The marriage lasted less than 5 years, and there was no sacrifice of career or educational opportunities on the part of the wife, which, characteristically, would justify an alimony award. See § 61.08(2), Fla. Stat. (1991). Consequently, we reverse the award of permanent periodic alimony. See, e.g., Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992) (no permanent alimony for 36-year-old *1037 wife after 6 year marriage); LaHuis v. LaHuis, 590 So.2d 557 (Fla. 3d DCA 1991) (no alimony following 3 1/2 year marriage); Fulks v. Fulks, 558 So.2d 205 (Fla. 2d DCA 1990) (no alimony for 40-year-old wife after 6 year marriage); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983) (no alimony for 34-year-old wife after 10 year marriage), rev. dismissed, 453 So.2d 1364 (Fla. 1984).
Second, for the same reasons stated above, we reverse the award of the husband's interest in the marital residence to the wife as lump sum alimony. This award was based upon the trial court's finding that it was in the best interests of the children to continue to reside in the marital residence. We agree with that finding, but conclude that this objective is properly accomplished by allowing the wife to maintain exclusive possession of the residence during the minority of the children. Continued use and possession of the marital home is proper as an incident of a child support award. See Gallardo v. Gallardo, 593 So.2d 522 (Fla. 3d DCA 1991), rev. denied, 604 So.2d 486 (Fla. 1992); Cruz v. Cruz, 574 So.2d 1117 (Fla. 3d DCA 1990); Gonzalez v. Gonzalez, 563 So.2d 813 (Fla. 3d DCA 1990); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), rev. dismissed, 399 So.2d 1142 (Fla. 1981). Upon the children reaching majority age or otherwise being emancipated, the marital residence and furnishings should be sold, and the proceeds divided equally between the husband and wife. See Bible v. Bible, 597 So.2d 359 (Fla. 3d DCA 1992); Peacon v. Peacon, 578 So.2d 781 (Fla. 3d DCA), rev. denied, 589 So.2d 292 (Fla. 1991). Upon remand, the trial court can make whatever provisions, that may be appropriate, concerning the credits, if any, that either party may be entitled to receive in connection with the disposition of the proceeds of the marital residence.
Third, based upon our finding that the parties' only major asset should be divided equally, we deem it proper that the marital liabilities should also be divided equally. See § 61.075, Fla. Stat. (1991); Rosenfeld v. Rosenfeld, 597 So.2d 835 (Fla. 3d DCA 1992); Polley v. Polley, 588 So.2d 638 (Fla. 3d DCA 1991). Upon remand, the trial court should revisit that portion of the final judgment which disproportionately assigned the marital liabilities.
Fourth, in light of our substantial equalization of the distribution of marital assets and liabilities, and the parties' substantially equal financial resources (although the wife is currently earning almost twice as much as the husband), we conclude the award of attorneys' fees to the wife was error. See § 61.16, Fla. Stat. (1991); Bible, 597 So.2d at 361 (no attorneys' fee award where court has made relatively equal distribution of assets and neither party is in better position to pay other parties' fees); Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985). Each party shall bear their own attorneys' fees.
Reversed and remanded.
NOTES
[1] The trial court awarded monthly alimony in this nominal amount merely to reserve jurisdiction to award a larger amount at such time in the future when, and if, the husband's income increases. See § 61.14(1), Fla. Stat. (1991); Poe v. Poe, 263 So.2d 644 (Fla. 3d DCA 1972).