693 So.2d 650 (1997)
Phillip H. GLAZNER, Appellant,
v.
Jane W. GLAZNER, Appellee.
No. 96-848.
District Court of Appeal of Florida, Fifth District.
May 2, 1997.
Rehearing Denied May 23, 1997.
*651 Louis Ossinsky, Jr. of Ossinsky and Krol, Daytona Beach, for Appellant.
Donald E. Hawkins of Hawkins, Hawkins & Burt, Daytona Beach, for Appellee.
THOMPSON, Judge.
Philip H. Glazner ("the former husband") appeals the final judgment dissolving his brief marriage to Jane W. Glazner ("the former wife"). Although the former husband raises several issues on appeal dealing with the equitable distribution of marital assets, we find no error. The trial court justified its distribution of marital assets and liabilities with factual findings supported by competent substantial evidence and did not abuse its discretion. § 61.075(3), Fla.Stat. (1995); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The trial court did err, however, when it awarded the former wife lump sum alimony of $10,000 after finding that she was not entitled to either permanent or rehabilitative alimony. We reverse the award.
The parties were married for only 19 months. The former husband is a 50 year old pharmacist with a net monthly income of $4,300 and net assets of $288,275. The former wife is 46 years old, teaches the second grade, tutors, and serves as trustee of two trust accounts. Her net monthly income is $1,888, and she has net assets of $80,243. No children were born of this union. When the parties married, the former wife owned a 1992 Saturn. The Saturn was sold during the marriage. There is conflict in the record concerning the reason for the sale of the car: the former husband testified it was sold to satisfy two outstanding debts of the former wife, and the former wife testified that the Saturn was sold because the former husband wanted her to drive his 1991 Cadillac instead. Eventually, the parties sold the 1991 Cadillac and purchased a 1993 Cadillac, partially paid for with a home equity loan for approximately $10,000. The former husband was awarded the 1993 Cadillac and the obligation for the loan. After distributing the remaining marital assets and liabilities, the trial court equalized the allocation by ordering payment of $13,879 by the former wife to the former husband. The trial court also awarded the former wife $10,000 lump sum alimony to "restore herself to transportation similar to that which she had when she entered the marriage."
Before the trial court can award lump sum alimony, it must determine that it is necessary for support or to effect equitable distribution of marital property. Canakaris, 382 So.2d at 1197; Young v. Young, 677 So.2d 1301, 1304 (Fla. 5th DCA 1996). While section 61.08, Florida Statutes (1995), directs the court to consider all relevant factors "necessary to do equity and justice between the parties," case law provides some guidance to the court in exercising its discretion. First, a court should award lump sum alimony as support "only when the recipient is *652 entitled to permanent alimony based on the receiving spouse's need for support and the paying spouse's ability to pay." Young, 677 So.2d at 1304 (citing Gorman v. Gorman, 400 So.2d 75, 78 (Fla. 5th DCA 1981)). If support is needed, there must also exist "unusual circumstances ... which would require a non-modifiable award of support." Id. (citing Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983)). Second, to ensure equitable distribution of assets, lump sum alimony is properly awarded only when the evidence reflects a justification for such an award and the ability of the paying spouse to make the payment "without substantially endangering his or her economic status." Canakaris, 382 So.2d at 1201; Robinson v. Robinson, 403 So.2d 1306 (Fla.1980).
In the instant case, the record reveals that the former wife's standard of living did not change during or after the marriage. She is still employed as a teacher and tutor and still receives trust income. Since there is record evidence the former wife was and is self-supporting, the trial court correctly denied permanent alimony. Campbell v. Campbell, 432 So.2d 666, 668 (Fla. 5th DCA 1983), petition for rev. dismissed, 453 So.2d 1364 (Fla.1984). Further, in order to receive rehabilitative alimony, the former wife must have requested it and must have presented a rehabilitative plan to the court showing a plan to obtain a skill, education or rehabilitation in order to adjust to a new life. Brock v. Brock, 682 So.2d 682 (Fla. 5th DCA 1996). As no such plan was presented, the court properly denied rehabilitative alimony.
Because the former wife is not entitled to either permanent periodic or rehabilitative alimony, the lump sum alimony award is not for support. Young. Furthermore, the award does not serve to equitably distribute the marital assets. Although the court's distribution plan left the former wife without transportation, the court specifically equalized the distribution via a $13,879 payment from the former wife to the former husband. Since the lump sum alimony was neither for support nor a means of achieving equitable distribution, the trial court abused its discretion in making the award. Young. Cf. Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987) (finding no abuse of discretion in court's failure to award automobile to wife as lump sum alimony where parties owned no automobile to be distributed and the court otherwise equitably distributed the marital assets). Accordingly, we affirm the final judgment in all respects except the award of lump sum alimony.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
COBB and W. SHARP, JJ., concur.