693 So.2d 88 (1997)
Sarah M. PORTER, Appellant,
v.
The ESTATE OF William Joseph SPATES, deceased; Alexander World, a/k/a Alex World Individually and As Personal Representative of the Estate of William Joseph Spates, Deceased, Appellees, and
Alexander WORLD, Appellant,
v.
In re ESTATE OF William Joseph SPATES, Appellee.
Nos. 96-1399, 96-1461.
District Court of Appeal of Florida, First District.
May 6, 1997.
J. Randall Frier of Frier & Frier, P.A., Tallahassee, for Sarah M. Porter.
Theodore R. Bowers, Panama City, for Alexander World.
Fred H. Flowers, Tallahassee and Brian T. Hayes, P.A., Monticello, for Kathryn Elkins and Virgil Elkins.
PER CURIAM.
In this consolidated appeal, Sarah Porter and Alexander World challenge a final judgment adjudicating petitions for administration and a claim for damages in connection with the probate of the Estate of William Joseph Spates. As a result of the circumstances of this case and substantial delay between the evidentiary hearing and the entry of the final judgment, we reverse.
A final evidentiary hearing in the probate proceeding was held on June 16 and June 27, 1994, at which times the trial court received testimony from nine witnesses concerning numerous disputed factual issues, including the mental condition of the deceased, appellees' allegations of undue influence on and exploitation of the deceased by the appellants, services provided to the deceased by appellant Sarah Porter, and the ownership of funds on deposit in various joint bank accounts opened by the deceased. The final judgment was entered on March 4, 1996, more than 20 months after the evidentiary hearing. The final judgment consists of a five-page chronology of events and six paragraphs of rulings in which the trial court *89 found, inter alia, that the will and power of attorney dated February 6, 1992, and appellants' interest in certain checking accounts of the deceased were all procured by the undue influence of appellants. The judgment contains no discussion of the facts which supported the findings of undue influence.
On appeal, appellants Alexander World and Sarah Porter separately raise a total of thirteen issues. Both, however, contend that the approximately 20-month delay between the evidentiary hearing and entry of the final judgment requires a new hearing. Because of the complexity and nature of the issues raised below, because the resolution of these issues required careful consideration of the credibility of the parties and other witnesses, and because the trial court did not articulate any factual basis for its findings of undue influence (making impossible meaningful appellate review of those central rulings), we conclude that the delay between the evidentiary hearing and the entry of any findings of fact was unreasonable. See McKenzie v. McKenzie, 672 So.2d 48 (Fla. 1st DCA 1996). We accordingly reverse and remand for a new evidentiary hearing.
In view of our holding, it is unnecessary for us to address the other issues raised on appeal. We note for the benefit of trial court and parties on remand, however, that undue influence must constitute overpersuasion, duress, force, coercion, or artful or fraudulent contrivances to such a degree that there is a destruction of free agency and willpower. Jordan v. Noll, 423 So.2d 368 (Fla. 1st DCA 1982). Further, undue influence is shown by the existence of a confidential relationship between the grantor and the beneficiary and by evidence that the beneficiary actively procured the instrument. In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971).
The case is REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.