PER CURIAM.
Paul Bonilla, the former husband, appeals a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The husband’s main point on appeal is that the trial court erred by refusing to order that the marital home be sold. Instead, the trial court awarded exclusive use and possession of the marital home to the wife until such time as the youngest child reaches eighteen. Under the circumstances of this case, this was error. That is so because the parties cannot afford the home.
At the time of the final hearing, the property taxes were two years in arrears tand a tax certificate had been sold. The homeowners insurance had been canceled for nonpayment. The judgment awarding the wife exclusive use and occupancy made no provision for bringing these obligations current, nor did it specify who would have the responsibility for paying the mortgage, taxes, and insurance, although the judgment suggests that the trial court believed the wife would do so. It is plain that the wife does not have the approximately $1,000 per month necessary to pay the mortgage, taxes, and insurance, even assuming that the tax and insurance arrear-ages could be brought current.
The husband retired prior to the parties’ marriage. His income from social security and retirement is $1,500 per month. If the overdue obligations could be brought current, it would require approximately two-thirds of his income simply to make the monthly payments on the marital home. The husband would be left with less than subsistence income, particularly in view of the fact that he has another $40,000 in credit card debt.
The parties agree that there is substantial equity in the marital home, which was the husband’s separate property prior to this marriage. The parties valued the home in the range of $115,000 to $130,000, while the mortgage debt was $44,000. The husband’s proposal was that the home should be sold and the net proceeds should be used, among other things, to allow each party to obtain appropriate substitute housing. Based on the record before the trial court, a sale of the home is the only practical resolution and we direct that it be sold.
In the meantime, foreclosure proceedings have been instituted against the home, so time is of the essence. Complicating matters is the fact that the domestic violence injunction prohibits direct communication between husband and wife. Consequently, we direct that the parties’ counsel consult forthwith and take immediate steps to (a) list the property for sale, (b) *110 seek a forbearance agreement from the lender so as to allow the home to be sold in an orderly manner, and (c) facilitate the sale. If there are any disagreements among the parties, these shall be presented to the trial court, which shall resolve them on an expedited basis.
Upon conclusion of the sale of the property, the trial court shall conduct a new hearing regarding the disposition of the net proceeds. At that time the court should make a fair award for the purpose of assisting the parties to obtain substitute housing. The court may also consider making an award of rehabilitative alimony to the wife, and may consider whether, under all of the circumstances, any part of the proceeds should be directed to the husband’s credit card debt in view of the husband’s claim that some of the credit card debt was incurred for family benefit.
Because the overall property distribution must be revisited in light of the sale of the home, we set aside the court’s lump-sum alimony and equitable distribution awards.[1] That being so, the husband’s arguments regarding equitable distribution with regard to the vehicles should be presented to the trial court to consider in the context of the other awards and, of course, the wife’s need for transportation. The husband may also present to the trial court any particularized claim he may have regarding personal property he alleges that he left in the marital home. If there are no, or insignificant, net proceeds from the sale of the home, then the trial court must revisit such property and support issues as remain, including any steps necessary to assure appropriate living quarters for the wife and children.
In summary, we affirm the judgment insofar as it dissolves the parties’ marriage and establishes visitation rights and procedures. We reverse the judgment with respect to the marital home, equitable distribution, and alimony, and remand for a new hearing, as outlined in this opinion, before a different judge.
Because of the exigent circumstances created by the pendency of the foreclosure proceedings, the parties’ obligations to list this property for sale and proceed expeditiously with all necessary arrangements are effective immediately and will not be postponed by the filing of a motion for rehearing.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The equitable distribution award to the wife with respect to the marital home must be set aside in any event because of a lack of showing of enhancement in value of the marital home (which was the husband's separate property) "resulting either from the efforts of either party during the maniage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets ....” § 61.075(5)(a)2, Fla. Stat. (1997) (emphasis added). The trial court relied on Knecht v. Knecht, 629 So.2d 883, 885-86 (Fla. 3d DCA 1993). However, in that case the issue was how to account for the wife's premarital real estate, where both the wife and the husband had made premarital financial contributions to the same real estate. See id. That is not the situation in the present case.