WARNER, C.J.
The wife makes multiple claims of error as to the trial court’s final judgment of dissolution in which the husband was awarded primary physical custody of the children and child support from the wife. The wife also asserts that the court erred in only ordering the husband to pay $600 in rehabilitative alimony, and denying her request for attorney’s fees. We affirm as to all issues raised.
After a ten-year marriage which produced two children, the parties sought a divorce. Both parties were gainfully employed, the husband as a service technician for Bell South and the wife as an x-ray technician. At the time of the final hearing, the husband earned about twice the amount earned by the wife. The wife was employed only part-time, and she testified that without a mammography license, which costs $600, she could not obtain full-time employment. In the final judgment, the court awarded rehabilitative alimony to the wife in the amount of $600 to obtain her mammography license and ordered her to pay child support, first at the level of her present earnings and then to be increased in six months to an amount based upon the income she could earn as a certified mammographer. The parties’ remaining assets were equally divided and the court ordered each party to bear his or her own attorney’s fees.
The wife first challenges the award of rehabilitative alimony as inadequate. “The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills.” Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980) (citation omitted). Here the wife had a skill and could develop her full capacity for support by obtaining a mammographer’s license. The award of $600 in rehabilitative alimony was not error because the wife testified that it would cost her $600 to obtain certification. The wife never requested day-to-day living expenses for the three months it would take her to get the certification, and from the evidence the court could conclude that she was not in need of additional living expenses.
As to the child support, the trial court ordered that the amount the wife should pay would increase after six months based on the assumption that she would become a certified mammographer and attain full-time employment. While the wife contends that judgments which provide for automatic changes in support payments upon the occurrence of future events are disfavored in Florida, see, e.g., Hitt v. Hitt, 571 So.2d 79 (Fla. 4th DCA 1990), we conclude that this award may be sustained on the ground that the wife is currently underemployed and the trial court merely imputed income that the wife should be expected to make once certification is accomplished. Moreover, the trial court could have concluded from the evidence that mammography jobs were available and that the wife could easily obtain the certification. Thus, the prospect of obtaining certification and subsequent employment was fairly certain. We conclude that this prospective modification was based “upon specifically articulated changes in circumstances which would virtually preclude the possibility of unfairness to either party.” Kangas v. Kangas, 420 So.2d 115, 116 (Fla. 2d DCA 1982) (citations omitted).
Furthermore, we find no error in the trial court’s requirement that each party bear their own attorney’s fees. Although the husband’s income is approximately twice that of the wife’s, the wife is *507 voluntarily underemployed and was not actively seeking work, as almost all of her expenses were being paid by her boyfriend or members of her family. In addition, she received $15,000 pursuant to a court order from the liquidation of the husband’s retirement account to pay for her attorney’s fees. Finally, the trial court could take into consideration the fact that the wife retained five separate attorneys over the course of the litigation, which caused frequent repetitive work. Given all of the factors under Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997), we find no abuse of discretion.
As to all other issues raised but not specifically discussed, we also affirm.
STONE, J., and COX, CYNTHIA L„ Associate Judge, concur.