839 So.2d 842 (2003)
William W. JESSEE, Appellant,
v.
Catherine JESSEE, Appellee.
No. 3D02-1396.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Franklin & Criscuolo and Donald G. Criscuolo, North Miami Beach, for appellant.
Philip E. Glatzer, for appellee.
Before COPE, GODERICH, and FLETCHER, JJ.
PER CURIAM.
The former husband William J. Jessee appeals a final judgment of dissolution of marriage, contending inter alia that the trial court abused its discretion in awarding the former wife Catherine J. Jessee the marital home as lump sum alimony. We agree with the former husband that, under the circumstances of this case, the award of the marital home to the former wife was an abuse of discretion.
The parties were married for nineteen years and have three minor children. Their principal asset is the marital residence which has an equity of approximately $55,000. Although throughout the marriage, she mostly stayed at home with the children, at the time of the trial, the then 43 year old former wife was employed full time as a secretary earning $1,356 per month. The 44 year old former husband had most recently been employed as a construction manager earning $5,500 a month. At trial, however, he testified that he was fired from his job because he had not brought his last construction job in on time. The trial court imputed his prior income to the former husband, and, using this figure, ordered the former husband to pay the former wife $1,000 per month in permanent alimony and $1,582 per month in child support until the children reached the age of majority, with the understanding that as each child reached majority the former husband's share of the child support would be converted to alimony until the wife reached $2,000 per month in alimony.[1]
*843 In addition to the permanent alimony, the trial court awarded the parties' marital residence to the former wife. This results in an unequal distribution of the parties' marital assets (97% to the former wife and 3% to the former husband). Where the circumstances show no necessity nor legal justification, a distribution of marital property that creates such an inequitable impact constitutes an abuse of discretion. See, e.g., Porzio v. Porzio, 760 So.2d 1075 (Fla. 5th DCA 2000); Bible v. Bible, 597 So.2d 359 (Fla. 3d DCA 1992); Klinger v. Klinger, 570 So.2d 1042 (Fla. 3d DCA 1990); Savage v. Savage, 556 So.2d 1213 (Fla. 2d DCA 1990); and Satanonchai v. Satanonchai, 522 So.2d 1030 (Fla. 3d DCA 1988). The sole justification given for the award of the lump sum alimony was "the Husband's intentional attempt to avoid financial obligations by intentionally putting himself in a position to be terminated." R. 123. However, this fact was taken into consideration in imputing income to the former husband and in awarding permanent periodic alimony to the former wife. It cannot additionally support the award of lump sum alimony herein.
For the foregoing reasons, that portion of the final judgment of dissolution which awarded the former wife the marital home is hereby reversed. Finding no merit in the former husband's remaining points on appeal, all other awards are affirmed. On remand, the trial court should award the former wife exclusive use and possession of the home until the children reach majority or she remarries, at which time the home should be sold and the proceeds equally divided between the parties. The trial court may also make such other rulings as are appropriate with regard to payment of the mortgage, taxes, insurance and other expenses of the property.
Affirmed in part, reversed in part, and remanded with directions.
NOTES
[1] The husband was further ordered to keep in force a $500,000 life insurance policy naming the wife as the beneficiary, to continue providing medical insurance for his children through his employer, and to pay 68% of the children's college prepaid plan.