882 So.2d 537 (2004)
Felix PEREZ, Appellant,
v.
Sharon L. PEREZ, Appellee.
Nos. 3D03-1886, 3D03-1293.
District Court of Appeal of Florida, Third District.
September 22, 2004.
*538 Henry R. Zippay, for appellant.
J. James Donellan, III, for appellee.
Before COPE, GREEN and FLETCHER, JJ.
COPE, J.
Felix Perez appeals a final judgment of dissolution of marriage. We affirm in part and reverse in part.
This was a seventeen-year marriage in which the parties had two children, ages ten and twelve at the time of the 2003 hearing. The former husband is a certified public accountant ("CPA"). The wife is a homemaker who has recently returned to the workforce and needs additional training to improve her work skills.
The trial court awarded $700 per month in permanent periodic alimony, $300 per month in rehabilitative alimony for four years, and $1,263 per month in child support. These awards reach approximately 50% of the former husband's net pay.
The parties' major asset is the marital home, having an equity of $100,000. The husband's retirement accounts are worth $40,000. The remaining assets are minimal.
The former husband claims error in the court's allocation of the assets. As lump sum alimony, the trial court awarded the former wife the husband's $50,000 share of the equity in the marital home. The court divided the remaining assets approximately equally. This resulted in an asset distribution to the former wife of $128,500 and to the former husband, $29,000. Thus, the wife received 82% of the assets and the husband, 18%.
The former husband argues that instead of granting the marital home to the former wife outright, the court should have granted the former wife exclusive use and occupancy of the marital home until the youngest child reaches the age of majority. At that time the home would be sold and the proceeds divided. Under the circumstances present here, we agree.
Distribution of the marital assets is presumptively to be on an equal basis, although deviation from equal division is permitted where there is a sound reason to do so. See § 61.075(1), Fla. Stat. (2003); Feger v. Feger, 850 So.2d 611, 615 (Fla. 2d DCA 2003); Longo v. Longo, 533 So.2d 791, 793 (Fla. 4th DCA 1988) (en banc).
In this case the equity in the marital home is the major asset of the parties. The principle of presumptively equal distribution of assets applies here. See Feger, 850 So.2d at 613; Castillo v. Castillo, 626 So.2d 1035, 1037 (Fla. 3d DCA 1993); Satanonchai v. Satanonchai, 522 So.2d 1030, 1031 (Fla. 3d DCA 1988).
In making the lump sum alimony award the trial court reasoned that the award allowed the former wife to remain in the home, as opposed to thrusting the family into the housing market by requiring an immediate sale of the home. However, "this objective is properly accomplished by allowing the wife to maintain exclusive possession of the residence during the minority of the children." Castillo, 626 So.2d at 1037.[1]
The court also suggested that in granting the home outright to the former wife, *539 this would stabilize housing costs in the long term and eventually diminish them when the house is paid off. The court said that as a long-term matter, the former husband might wind up paying less in permanent periodic alimony than if the former wife must obtain substitute housing when the youngest child reaches eighteen. The court likened the lump sum award as a prepayment on alimony to be paid over the remainder of the former husband's life expectancy. We think this consideration is outweighed, however, by the fact that if the former wife remarries, then there is no way for the former husband to recapture the lump sum alimony award. Further, the residence was purchased in 1997 for a family of four, but as the children reach majority and move away, maintaining a residence of that size is likely to be unnecessary.
In support of the idea that she should receive the home outright the former wife relies on Cruz v. Cruz, 574 So.2d 1117 (Fla. 3d DCA 1990), but that case actually supports the position of the former husband. In Cruz, the former wife did not receive the home outright but was only granted exclusive use and occupancy until the youngest child reached eighteen.
The former wife relies on Henning v. Henning, 507 So.2d 164 (Fla. 3d DCA 1987), but that case is not on point. There the former husband received offsetting assets so that there was "a roughly equal division." Id. at 165 (citations omitted).
In the present case the court's awards contemplated that with a combination of alimony and the wife's own earnings, she would be able to pay the mortgage and maintain the residence. It would thus appear that an order for exclusive use and occupancy is financially feasible. Cf. Bonilla v. Bonilla, 739 So.2d 108, 109 (Fla. 3d DCA 1999) (immediate sale ordered where order for exclusive use and occupancy was not financially feasible).
For the stated reasons, we remand for entry of an order providing for exclusive use and occupancy until the youngest child reaches the age of majority, at which time the house is to be sold and the proceeds divided. The court may make such other modifications in the judgment as may be appropriate in light of this ruling. The judgment should address how credits will be calculated at the time the home is sold. See Castillo, 626 So.2d at 1037.
The former husband next argues that the trial court should not have provided for an automatic increase in his child support obligation when he ceases paying rehabilitative alimony in four years. Under the circumstances present here, we agree.
In the present case, the trial court reasoned that when the payment of rehabilitative alimony ceases at the end of four years, this will alter the child support calculation. See § 61.30(3)(g), Fla. Stat. (2003). Under the facts of this case, this would result in a child support increase in excess of the 10% threshold contained in the statute. See id. § 61.30(1)(c).[2] It was the trial court's view that it would be a benefit to the parties to provide for an automatic adjustment rather than leaving the matter for recalculation in four years.
The Fourth District has said that a prospective modification may be permissible where it is based "upon specifically articulated changes in circumstances which would virtually preclude the possibility of unfairness to either party." Spenceley v. Spenceley, 746 So.2d 505, 506 (Fla. 4th DCA 1999) (citation and internal quotation *540 marks omitted). In that case the court approved an automatic child support adjustment which would occur upon the wife's receiving of an anticipated employment certification within six months.
The difficulty in the present case is that the adjustment is not scheduled to occur for four years, and the calculation assumes that both parties will have the same incomes in four years that they do today. However, the theory of the wife's rehabilitative program is that she will gain enhanced earning capacity over the four years and in that time, presumably the former husband's income will also increase. Consequently we reverse that part of the final judgment which provides for an automatic child support adjustment at the end of the rehabilitative period. Instead recalculation should be performed at the end of the rehabilitative period based on actual income figures at that time.
Regarding the remaining issues, we decline to disturb the trial court's valuation of the parties' automobiles, or the award of attorney's fees to the former wife. The former husband argues alternatively that the final judgment of dissolution of marriage awards him a credit of $3,500 to be applied against the attorney's fees awarded to the wife, but the separate attorney's fee judgment does not reflect that credit. That is apparently an oversight and should be addressed on remand.
The former husband argues that the permanent period alimony of $700 per month is not supported by the evidence. We disagree. We conclude that the amount is within the evidence. Further, since the $700 amount is taxable to the wife, the after-tax amount available to her is lower than the $700 figure.
In conclusion, we reverse the final judgment with regard to the issues of exclusive use and occupancy of the marital home, and the prospective modification of child support. We reverse the attorney's fee judgment in part and remand for entry of the $3,500 credit. We affirm the dissolution of the parties' marriage and affirm both judgments on all other issues.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The former husband complains that the trial court did not put findings in the final judgment which explain its rationale for this award. However, the trial court stated its rationale in the transcript. There is no indication in the record that the former husband complained to the trial judge about the fact that this orally-stated rationale was not included in the judgment.
[2] The fact that the 10% threshold would be met distinguishes the present case from Argento v. Argento, 842 So.2d 182 (Fla. 2d DCA 2003).