945 So.2d 629 (2006)
John ROSARIO, Appellant,
v.
Elaine ROSARIO, Appellee.
No. 4D05-3522.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
*630 Robert I. Barrar of the Law Offices of Ellis Rubin and Robert I. Barrar, Miami, for appellant.
Alan D. Sackrin of the Law Office of Alan D. Sackrin, Hallandale Beach, for appellee.
TAYLOR, J.
John Rosario (former husband) appeals a final judgment of dissolution which, inter alia, awarded Elaine Rosario (former wife) the former husband's entire share of equity in the marital home as lump-sum alimony. The former husband seeks reversal of the lump-sum award, arguing that there were no circumstances justifying the award. He also requests reversal of the special equity award in the marital home to the former wife. We reverse the lump-sum alimony award, but affirm the special equity award.
The parties were married for fourteen years before the petition for dissolution of marriage was filed. They had two children, who were ages six and eleven at the time of the hearing. The oldest child, Jennifer, has continuing health issues, as a result of a liver transplant in January 2000. The trial court granted the parties shared parental responsibility, with the former wife as the primary residential parent.
The 39-year-old former husband is a network analyst, earning $40,000 a year in salary from his employment. He also co-owns a corporation called Genisys, which buys and sells electronic equipment. According to the former husband, $10,000 of his household bills were paid annually from Genisys Corporation funds. The trial court determined his annual income totaled $50,000.
The former wife is 37 years old and suffers from Crohn's disease. She contracted the Human Papilloma Virus (HPV), a sexually transmitted disease, which required her to undergo surgery to remove pre-cancerous cells. Based upon the former husband's admission that he had been unfaithful, the trial court found it "highly likely" that the former wife contracted the HPV from the former husband.
The former wife has a bachelor's degree in meteorology, but works as a teacher's aide, making $9,000 a year. Although she worked part-time most of the marriage, she was mainly a "stay-at-home mom" by agreement of the parties. She requested $1,000 a month in permanent periodic alimony, plus her husband's share of the equity in the marital home as lump-sum alimony.
The parties' major asset is the marital home, valued at $330,000, which, as of April 19, 2005, was subject to a $96,000 mortgage, including unpaid mortgage payments for a four-month period. After determining that there was approximately $230,000 in equity in the marital home, the trial court granted the former wife a special equity of $20,000, leaving a net approximate marital equity of $210,000. The special equity awarded the former wife was based on the trial court's finding that the former wife's family members gave her a gift of $20,000 for the down payment on the marital home.
The trial court awarded the former husband his personal property, including a jet *631 ski, valued at $35,000. It did not value the former husband's one-half interest in Genisys Corporation, but awarded it to him. The court awarded the former wife the household furnishings and her jewelry, valued at $25,000. The court made the former husband solely responsible for the $10-12,000 tax liability of Genisys Corp. and his $10,000 student loans.
In assessing the alimony issue, the trial court stated that three factors were significant:
A. The Wife's Crohn's Disease factor is a significantly less factor in her physical condition, acknowledging it was a congenital disorder. The Court finds the H.P.V. to be a much more significant factor.
B. The Court also looked at the financial resources of the parties, that the Husband has made more in the past and more importantly he has the capacity to make significantly more money in the future. Particularly in light of the fact that his interest in Genisys Corporation is a viable income for future income that can be significant.
C. The Wife has contributed home-making services during the intact marriage. The Court acknowledges that the minor child, Jennifer, has medical needs which were more significant in the past when she had a liver transplant and after the transplant was the primary focus of the Wife's time, by agreement of the parties. The Court acknowledges that currently the condition of the child is not anywhere as demanding on the mother or the child as it relates to those conditions. The Court finds that the Wife shall be entitled to alimony.
The trial court found that the parties' net assets were $210,000 (the balance of the net equity in the marital home after deducting the wife's special equity in the home of $20,000). Though the court acknowledged that the former husband would ordinarily be entitled to $105,000 as his share of equitable distribution, it awarded this amount to the former wife as lump-sum alimony. The trial court did not explain why this award was fair and reasonable under the circumstances. The effect was to award $255,000 in net assets to the former wife and only $15,000 to the former husband. This resulted in a grossly unequal division of the assets. The former wife received 94% of the assets and the former husband, 6%. The former wife received the marital home, free of all claims of the husband, subject only to the mortgage and an approximately $4,000 arrearage. In addition, the trial court awarded the former wife $600 per month as permanent periodic alimony.
The trial court ordered the former husband to pay guidelines child support of $896 per month and ordered him to pay $5,000 of the former wife's $9,300 attorney's fee bill, which had largely been paid by the former wife's parents.
In dissolution cases, the trial judge has broad discretionary authority to do equity between the parties. Acker v. Acker, 904 So.2d 384, 388 (Fla.2005). Available remedies include lump-sum alimony, permanent periodic alimony, child support, and an award of exclusive possession of property. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). Because these remedies are interrelated as part of an overall scheme, it is "extremely important that they also be reviewed by appellate courts as a whole, rather than independently." Id. In reviewing these cases, the appellate court must recognize the superior vantage point of the trial judge and apply the "reasonableness" test to determine whether the trial judge abused its discretion. Id. at 1203. "If reasonable men could differ as to the propriety of the action taken by the trial court, then the *632 action is not unreasonable and there can be no finding of an abuse of discretion." Id.
A trial court is authorized by statute to award permanent periodic alimony, lump-sum alimony, or both. See § 61.08, Fla. Stat (2006). In considering an alimony award, the trial court is authorized to consider any factor necessary to do justice between the parties, including adultery. Id.
However, two predicates have evolved for the award of lump-sum alimony. The first of these is that the trial court must find some special necessity for lump-sum payment of alimony. See Porzio v. Porzio, 760 So.2d 1075, 1077 (Fla. 5th DCA 2000); Glazner v. Glazner, 693 So.2d 650, 652 (Fla. 5th DCA 1997); Simpson v. Simpson, 372 So.2d 526, 527 (Fla. 4th DCA 1979). If support is needed, there must exist unusual circumstances which would require a non-modifiable award of support. Glazner, 693 So.2d at 652. These findings of special circumstances must be something above and beyond the justifications for an award of permanent periodic alimony. See Jessee v. Jessee, 839 So.2d 842, 843 (Fla. 3d DCA 2003).
Here, the trial court found that the parties' fourteen-year marriage fell within the gray area for purposes of determining alimony. Although the trial court made general findings sufficient to justify periodic alimony, it did not make any special findings as to why a lump-sum award was appropriate. This alone constitutes an independent ground for reversal. The former husband, however, focuses his argument on the general rule articulated in Canakaris, that a trial judge must ensure that neither spouse passes automatically "from prosperity to misfortune" or is "shortchanged." 382 So.2d at 1204. He contends that the award of lump-sum alimony is appropriate only where it will not substantially endanger the paying spouse's "economic status." Glazner, 693 So.2d at 652 (quoting Canakaris, 382 So.2d at 1201). According to the former husband, the lump-sum award in this case, which reduced his net worth from $120,000 to $15,000, violates these principles by substantially endangering his economic status.
In two cases factually similar to this case, the Third District Court of Appeal reversed orders awarding a spouse the marital home as lump-sum alimony where the circumstances did not demonstrate justification for the award. See Perez v. Perez, 882 So.2d 537 (Fla. 3d DCA 2004); Jessee, 839 So.2d at 842. In Perez, the trial court awarded the former wife the husband's $50,000 share of the equity in the marital home as lump-sum alimony, resulting in 82% of the parties' assets being distributed to the former wife and only 18% to the former husband. Similarly, in Jessee, after a nineteen-year marriage, the trial court awarded the former wife the husband's $55,000 equity in the marital home as lump-sum alimony. Because the marital home was the parties' principal asset, this resulted in the former wife receiving 97% of the parties' assets and the former husband receiving only 3%.
In both Perez and Jessee, the third district reversed the lump-sum award of the husband's equity in the marital home and remanded for entry of an order giving the former wife exclusive use and occupancy of the home during the minority of the children and directing that the home be sold and its proceeds divided upon the youngest child reaching majority.
The Jessee court explained:
This [lump-sum award] results in an unequal distribution of the parties' marital assets (97% to the former wife and 3% to the former husband). Where the circumstances *633 show no necessity nor legal justification, a distribution of marital property that creates such an inequitable impact constitutes an abuse of discretion.
839 So.2d at 843.
In this case, there was similarly an unequal distribution of the parties' marital assets and no showing of necessity or legal justification by the circumstances. Accordingly, we reverse that portion of the final judgment of dissolution which awarded the former wife the marital home as lump-sum alimony. On remand, the trial court may consider entering an order granting the former wife exclusive use and occupancy of the marital home until the youngest child reaches the age of majority, at which time the house could be sold and the proceeds equitably divided between the parties. In addition, the trial court on remand can re-examine the amount of permanent periodic alimony it awarded, if necessary, and the parties' relative responsibilities for paying the mortgage, taxes, and insurance. See Perez, 882 So.2d at 539 ("The court may make such other modifications in the judgment as may be appropriate in light of this ruling.").
Because we find no merit in the former husband's challenge to the trial court's special equity finding, we affirm the award of $20,000 in special equity to the former wife.
Affirmed in part, Reversed in part, and Remanded.
STEVENSON, C.J., and WARNER J., concur.