951 So.2d 976 (2007)
Robert Lloyd NETHERY, Appellant,
v.
Josephine NETHERY, Appellee.
No. 4D06-10.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
David H. Freedman, North Miami, for appellant.
Daniel Kaplan of Daniel Kaplan, P.A., Aventura, for appellee.
PER CURIAM.
The husband, Robert Lloyd Nethery, appeals the trial court's final judgment of dissolution of marriage. We reverse the trial court's award of "non-modifiable" permanent periodic alimony, and, on this issue, we remand to the trial court only for the purpose of having "non-modifiable" stricken from the award. We also remand to the trial court to correct the final judgment with respect to the COBRA health insurance payments. We affirm in all other respects.
First, in its final judgment, the trial court awarded the wife the sum of $1,600 per month as "non-modifiable permanent periodic alimony." The husband correctly *977 argues on appeal that without an agreement by the parties, permanent periodic alimony cannot be non-modifiable. We agree with the husband that the provision declaring the alimony to be "non-modifiable" should be stricken on remand.
The trial court has broad discretionary authority to do equity between the parties. Rosario v. Rosario, 945 So.2d 629, 631 (Fla. 4th DCA 2006). However, in Smith v. Smith, 689 So.2d 1312, 1312 (Fla. 5th DCA 1997), the court noted that "there is no provision in the law for `non-modifiable permanent alimony'" and ordered the provision stricken upon remand. Addressing the concept of non-modifiable alimony, this Court recently explained the predicates required for lump sum alimony as support and stated that "if support is needed, there must exist unusual circumstances which would require a non-modifiable award of support." Rosario, 945 So.2d at 632. "These findings of special circumstances must be something above and beyond the justifications for an award of permanent periodic alimony." Id. In Borchard v. Borchard, 730 So.2d 748, 752 (Fla. 2d DCA 1999), the court stated, "Because lump sum alimony establishes a fixed, specific monetary obligation, this tool causes lump sum alimony to have at least two major substantive differences from periodic alimony; the amount awarded is immediately vested and non-modifiable, and this form of alimony does not terminate upon the death of the payor or the remarriage of the payee." Therefore, while it is true that under special circumstances lump sum alimony as support can be awarded, there is no corresponding provision in the law for an award of non-modifiable permanent periodic alimony.
Although the trial court indicated that it contemplated the husband's anticipated retirement in making the alimony award, there may be other substantial changes besides the husband's retirement that were not contemplated at the time of the final judgment, that are sufficient, material, involuntary, and permanent in nature and would justify a modification of alimony in this case. Damiano v. Damiano, 855 So.2d 708, 710 (Fla. 4th DCA 2003) ("There are three prerequisites required for a modification of alimony: (1) a substantial change in circumstances; (2) that was not contemplated at the time of the final judgment of dissolution; and (3) is sufficient, material, involuntary, and permanent in nature."). We therefore remand on this issue to the trial court only to have the "non-modifiable" provision stricken.
Second, the trial court in its written final judgment stated, "For 36 months after entry of this Final Judgment, the Husband shall pay the Wife $500.00 per month for her health insurance." The wife agrees that this portion of the judgment is in error and is inconsistent with the trial court's oral pronouncement that the husband pay the COBRA amount up to $500 per month and that the payment shall not exceed 36 months, so that the judgment should be remanded for correction.
Thus, we remand this case to the trial court to both strike the provision requiring the permanent periodic alimony award to be non-modifiable and to correct the final judgment with respect to the husband's obligation to pay the wife's COBRA health insurance payments. In all other respects, the final judgment of dissolution of marriage is affirmed.
Affirmed in Part, Reversed in Part and Remanded.
GUNTHER, POLEN and HAZOURI, JJ., concur.