PER CURIAM.
 

 Appellant, Marcia Eckert [“Wife”], seeks review of the “Supplemental Final Judgment of Dissolution of Marriage,” rendered on January 9, 2009. She challenges the amount of alimony she was awarded.
 
 [1]
 

 The parties resided together from the date of their marriage in 1983 until they separated in August of 2004. Appellee, David Eckert [“Husband”], owned his own business installing telephonic data cables and programming johone systems. Wife was not employed during the marriage. In early 2005, the parties entered into a mediation agreement which settled all the equitable distribution issues. The only issues remaining to be decided were alimony and attorney’s fees. During the course of the proceedings, Wife was awarded $1,000 per month as temporary alimony.
 

 A trial to determine alimony was conducted on August 7, 2006. The evidence at trial showed that the parties lived a comfortable life during the marriage. Wife did not work during the marriage, and Husband acknowledged that Wife had been a good mother and homemaker until, at the end of the marriage, Wife engaged in numerous adulterous affairs.
 

 Both Husband’s ability to pay alimony and the amount of Wife’s need were disputed issues at trial. At the close of trial, the court took the matter under advisement and, according to subsequent filings, communicated by letter with counsel about its ruling. The parties were unable to agree on the form of a judgment because of the lack of findings contained in the letter. Finally, in November 2007, Wife filed a motion to have the court enter a judgment with findings of fact. In support of that motion, the transcript was prepared and filed for the court’s use. Eventually, some twenty-eight months later, in January 2009, the final judgment was entered.
 

 The final judgment is sparse. On the issue of need and ability to pay, there are only three findings: that Husband’s net income was between $7,000 and $12,000 per month, that Wife has illnesses that prevent her from working full time and that she has “substantial” medical and drug expenses. The court concluded that the $1,000 temporary alimony Wife had been receiving was inadequate and awarded $1,800 per month. On appeal, Wife contends that an award of $1,800 per
 
 *383
 
 month is so inadequate for her needs that the award constitutes an abuse of discretion. For his part, Husband contends that all of the court’s findings are wrong: Husband’s net income was much less than $7,000 to $12,000 per month; Wife was perfectly able to work, as even her own physician testified; and Wife’s medical and drug expenses as documented at trial were a fraction of the $1,100 per month she claimed. Nonetheless, Husband urges that the $1,800 award should be sustained because it is supported by record evidence.
 

 We find the judgment to be inadequate in several respects. The finding of such a wide range for Husband’s income is too uncertain, and is not warranted by the evidence. There is a lack of findings on Wife’s need, an issue greatly disputed at trial, making it impossible for this Court to make any meaningful review. These deficiencies are combined with a twenty-eight month delay between the trial and entry of the judgment and appear to be related.
 
 [2]
 
 Even though the trial court was eventually provided a transcript, it is doubtful, with the passage of so much time, that issues of credibility and weight of evidence could accurately be recalled. Loath as we are to require parties to incur the cost and delay of a retrial, it is necessary in this case, and the parties are partly responsible for the delay. A new hearing of all alimony issues, including whether Wife’s adultery should affect the amount of alimony awarded, is required. The currently assigned judge,
 
 [3]
 
 with the benefit of current information on the issues of need and ability will be able to render a more reliable decision, even if the figure is the same.
 
 See Rosario v. Rosario,
 
 945 So.2d 629 (Fla. 4th DCA 2006) (In considering alimony award, the trial court is authorized to consider any factor necessary, including adultery, to do justice between the parties). Accordingly, we vacate the judgment and remand for a new hearing on the issue of alimony.
 

 JUDGMENT VACATED and REMANDED.
 

 GRIFFIN, TORPY, JJ., and THOMPSON, E., JR., Senior Judge, concur.
 

 [1]
 

 . Wife has also appealed attorney's fees, but concedes that this issue is not ripe for review.
 

 [2]
 

 . There is abundant case law requiring a retrial where there has been a long delay between the conduct of a trial and the issuance of a judgment, if circumstances suggest that the passage of time may have adversely affected the accuracy of the judgment.
 
 See, e.g., Porter v. Estate of Spates,
 
 693 So.2d 88 (Fla. 1st DCA 1997). In this case, both the lack of findings and the lack of precision in the income and expense figures strongly suggest that the passage of time adversely affected the judgment.
 

 [3]
 

 . The case was heard by a senior judge in 2006.