CIKLIN, J.
Antonio Lule, the husband below, appeals the trial court’s final judgment of dissolution of marriage. The final judgment did not contain the requisite statutory findings for either the distribution of marital assets and liabilities or for the trial court’s award of alimony. Because of these errors and omissions this matter *568 must be necessarily reversed and remanded.
The husband and wife were married in 1981 and separated in 2006, with no minor children from the marriage. On January 22, 2009, the trial court issued a final judgment of dissolution of marriage which, among other findings, awarded the wife the marital home as lump sum alimony because of the husband’s abandonment and an additional $250 per month of unspecified alimony.
“A trial court’s equitable distribution of marital assets is reviewed for an abuse of discretion.” Rafanello v. Bode, 21 So.3d 867, 869 (Fla. 4th DCA 2009).
Section 61.075(3), Florida Statutes (2008), directs trial courts as to the distribution of marital assets and liabilities:
In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1). The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability....
§ 61.075(3), Fla. Stat., (2008).
The final judgment simply does not comply with the statute. Most significantly, the trial court awarded all interest in the marital home to the wife without any findings as to its value or what interest the parties had in it prior to the dissolution. Without such findings, it is impossible for this court to engage in a meaningful review of the trial court’s distribution scheme. Finally, the trial court must make reference to the equitable distribution factors in 61.075(1), which the trial court did not do.
This and other courts have reversed final judgments of dissolution when the trial court failed to comply with 61.075(3). See, e.g., Dorsett v. Dorsett, 902 So.2d 947, 954 (Fla. 4th DCA 2005) (finding that “the trial court erred by not making written findings identifying and assigning values to the marital assets and liabilities, in violation of section 61.075, Florida Statutes”); Pignataro v. Rutledge, 841 So.2d 636, 638 (Fla. 2d DCA 2003) (reversing because “the final judgment does not identify or value any of the parties’ assets or liabilities, and it provides no factual findings to support the distribution scheme”); Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999) (reversing a final judgment because it awarded the husband’s interest in the marital home to the wife without providing a valuation of the marital home); Singleton v. Singleton, 696 So.2d 1338, 1338-39 (Fla. 4th DCA 1997) (reversing a final judgment because, among other reasons, it did not comply with 61.075(3)).
In the instant case, the trial court awarded the husband’s interest in the marital home to the wife as lump sum alimony solely because the husband “abandoned” the marriage. The final judgment states:
The Court finds that the Husband abandoned the marriage and the marital home to set up a living arrangement with the mother of his son, who is now *569 10 years old. As such, the court awards as lump sum alimony the Husband’s interest in the marital home to the Wife.
“[T]he nature and amount of an award of alimony is a matter committed to the sound discretion of the trial court.” Mondello v. Torres, 47 So.3d 389, 396 (Fla. 4th DCA 2010) (quoting Kovalchick v. Kovalchick, 841 So.2d 669, 670 (Fla. 4th DCA 2003)) (internal quotation marks omitted). As such this court reviews alimony awards for an abuse of discretion. Id.
“In determining a proper award of alimony, a court must consider the factors set forth in section 61.08(2), Florida Statutes.” Id. Section 61.08(2), Florida Statutes (2008), states that a trial court must “consider all relevant factors” and then provides a non-exhaustive list of the factors. “Section 61.08(2) ... requires the trial court to consider any relevant economic factors, including standard of living during the marriage, age, earning ability, value of each party’s estate and contribution to the marriage. The trial court must make findings of fact regarding these indi-cia.” Ryan v. Ryan, 927 So.2d 109, 112 (Fla. 4th DCA 2006). Finally, section 61.08(1), Florida Statutes (2008), permits the trial court to “consider the adultery of either spouse and the circumstances thereof in determining the amount of alimony, if any, to be awarded.”
The trial court awarded the wife all of the husband’s interest in the marital home as lump sum alimony. This court has reviewed the proper predicate findings that must be made by a trial court in order to award lump sum alimony:
[T]wo predicates have evolved for the award of lump-sum alimony. The first of these is that the trial court must find some special necessity for lump-sum payment of alimony. If support is needed, there must exist unusual circumstances which would require a non-modifiable award of support. These findings of special circumstances must be something above and beyond the justifications for an award of permanent periodic alimony.
Rosario v. Rosario, 945 So.2d 629, 632 (Fla. 4th DCA 2006) (citations omitted). As we previously indicated, it is impossible for this court to review the appropriateness of the lump sum alimony award without any valuation as to the house and the parties’ interest in it. Additionally, the trial court does not appear to have considered the alimony factors listed in section 61.08(2) either. “Where the circumstances show no necessity nor legal justification, a distribution of marital property that creates such an inequitable impact constitutes an abuse of discretion.” Id. (quoting Jessee v. Jessee, 839 So.2d 842, 843 (Fla. 3d DCA 2003)). While we are unable to review the propriety of the lump sum award of the marital home to the wife based on the husband’s apparent infidelity without a valuation, we note that this court has previously reversed an award of the marital home as lump sum alimony based on the husband’s adultery when the results were grossly unequal. See Rosario, 945 So.2d 629 (reversing the lump sum award of the marital home when the overall distribution scheme resulted in the wife receiving $255,000 in net assets and the husband receiving $15,000 in net assets, or 94% to 6%).
As to its second award of alimony—the husband to pay the wife $250 per month indefinitely—the only factual finding included in the final judgment was that the marriage was long term and that the wife made $2099 per month and the husband made $2076 per month. There is no finding that the wife was in need of alimony, merely that she was “entitled” to it. See Eckert v. Eckert, 29 So.3d 381, 383 (Fla. 5th DCA 2010) (reversing because the final judgment did not include any *570 findings on the wife’s need for alimony). It is also unclear from the final judgment what kind of alimony it awarded — it merely orders the husband to pay $250 per month in “alimony.” Failure to demonstrate proper consideration of the alimony factors in the final judgment is a sufficient error to warrant reversal. See, e.g., Ryan, 927 So.2d at 112. Because the final judgment did not contain virtually any of the alimony factors required by 61.08(2), we must remand this matter to the trial court.
The husband offers a final argument— that the alimony award was unreasonable because the husband makes nominally less income per month than the wife. We choose not to address this argument because the final judgment does not contain the required findings to justify the award of any type of alimony to the wife.
We therefore reverse and remand the final judgment of dissolution with instructions that the trial court craft a distribution scheme and alimony award that contains the required findings and complies with the corresponding statutes.

Reversed and remanded for further proceedings.

HAZOURI and MAY, JJ., concur.