GROSS, J.
We affirm all aspects of the final judgment of dissolution save one-we reverse the award of the marital home as lump sum alimony and remand for division of the home according to the principles of equitable distribution.
After 22 years of marriage, the wife filed a dissolution action on May 8, 2008. There was a final hearing, which only the wife attended, and the circuit court entered a final judgment of dissolution on October 16, 2008. On February 28, 2009, the wife remarried.
In 2011, we reversed the final judgment because the husband did not have notice of the final hearing. See Taylor v. Taylor, 67 So.3d 359 (Fla. 4th DCA 2011). On remand, the husband appeared at the final hearing and represented himself.
*285 The parties’ only significant asset was a marital home valued at $380,000. In the final judgment, the circuit court awarded the wife the husband’s “one-half interest in the marital residence as lump sum alimony” based on the rationale that the husband had demonstrated hostility against providing any spousal support. Reasoning that the wife was entitled to permanent alimony, the court observed that “to award the Wife any kind of monthly support will only encourage the Husband to continue to defeat the Wife’s right to support by in some way concealing or hiding his true earnings.”
The problem with the lump sum alimony award was that the original justification for the award had evaporated by the time of the 2011 hearing. In evaluating the need for spousal support, the court could not ignore the wife’s 2009 remarriage. Although the court correctly made the dissolution aspect of the judgment nunc pro tunc to October 16, 2008, the financial aspects of the 2011 judgment involved facts developed at the 2011 trial which the husband attended. Therefore, the 2011 judgment necessarily involved something more than memorializing a “previously taken judicial act,” making a nunc pro tunc order on all aspects of the dissolution inappropriate. Merritt v. Merritt, 802 So.2d 1206, 1209 (Fla. 2d DCA 2002) (quoting Whack v. Seminole Mem’l Hosp., Inc., 456 So.2d 561, 563 (Fla. 5th DCA 1984)); Briseno v. Perry, 417 So.2d 813, 814 (Fla. 5th DCA 1982).
Section 61.08(1), Florida Statutes (2008), authorizes permanent alimony “payments in lump sum.” Lump sum alimony is “not actually a third type of alimony” but “a means to accomplish the ends of rehabilitative or permanent alimony.” Borchard v. Borchard, 730 So.2d 748, 751 (Fla. 2d DCA 1999). It differs from other alimony remedies in that it may be comprised of real property, such as a spouse’s half-interest in a marital home, and it “establishes a fixed monetary obligation that vests immediately, is nonmodifiable, and does not terminate when the payee remarries or when the payor dies.” Pipitone v. Pipitone, 23 So.3d 131, 137 (Fla. 2d DCA 2009) (citing Borchard, 730 So.2d at 751); see also Halberstadt v. Halberstadt, 72 So.2d 810, 811 (Fla.1954) (permitting an award of real property as lump sum alimony); Simpson v. Simpson, 678 So.2d 882, 882 (Fla. 3d DCA 1996) (same).
To award lump sum alimony for the purposes of spousal support, the trial court must find “proof of special circumstances, where other forms of alimony are not available or appropriate.” Greene v. Greene, 895 So.2d 503, 512 (Fla. 5th DCA 2005) (footnote omitted). As this Court has explained,
two predicates have evolved for the award of lump-sum alimony. The first of these is that the trial court must find some special necessity for lump-sum payment of alimony. If support is needed, there must exist unusual circumstances which would require a non-modifiable award of support. These findings of special circumstances must be something above and beyond the justifications for an award of permanent periodic alimony.
Rosario v. Rosario, 945 So.2d 629, 632 (Fla. 4th DCA 2006) (citations omitted).
In the case at hand, the trial court was justified in finding, based upon the husband’s threats and history of non-payment, that “unusual circumstances” existed which justified the imposition of lump sum alimony over permanent periodic payments. See Coltea v. Coltea, 856 So.2d 1047, 1051 (Fla. 4th DCA 2003) (en banc) (approving a trial court’s award of lump sum alimony which “was intended to se *286 cure the payment of support by a spouse/parent with a history of refusing to pay such support”).
However, there was no “special necessity” for lump sum alimony because the wife’s remarriage terminated her entitlement to permanent alimony on February 28, 2009. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980) (stating that, “[a]s a general rule, permanent periodic alimony is terminated upon the death of either spouse or the remarriage of the receiving spouse.” (citations omitted)). Therefore, the award of the husband’s entire share in the marital home constituted an abuse of discretion. See Jessee v. Jessee, 839 So.2d 842, 843 (Fla. 3d DCA 2003) (“Where the circumstances show no necessity nor legal justification, a distribution of marital property that creates such an inequitable impact constitutes an abuse of discretion.”); Perez v. Perez, 882 So.2d 537, 539 (Fla. 3d DCA 2004) (reversing where awarding the husband’s $50,000 share of the equity in the marital home as lump-sum alimony resulted in the wife retaining 82% of the parties’ assets); Rosario, 945 So.2d at 631-33 (reversing where, by virtue of receiving the husband’s interest in the marital home, the wife received 94% of the marital assets).
We therefore reverse the award of lump sum alimony and remand to the trial court to divide the marital home according to section 61.075, Florida Statutes (2008). We affirm the other aspects of the final judgment.

Affirmed in part, reversed in part, and remanded.

WARNER and CIKLIN, JJ., concur.